4187 MJM; SI201                          Firm No. 08079

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NICHOLAS M. MARTIN, | ) |
|     Plaintiffs, | ) ) ) |
| v. | )   Case No.: 10-5142 |
| PIKNICK KAFE, INC. d/b/a HORIZON CAFÉ and DOES 1-10, | ) ) ) ) |
|     Defendant. | ) |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

NOW COMES Defendant, PIKNICK KAFE, INC. d/b/a HORIZON CAFÉ, by its attorneys, Purcell & Wardrope, Chtd., and, for its Response in Opposition to Plaintiffs' Motion for Class Certification states as follows:

## INTRODUCTION

In his Amended Complaint, the Plaintiff alleges that, on June 12, 2010, Plaintiff, Nicholas Martin, received a receipt from the Defendant with the expiration date of his credit card displayed thereon and that the Defendant therefore violated the Fair and Accurate Credit Transactions Act ("FACTA"). (Plf. Amended Compl., Docket No. 12, Paragraph 19). He purports to bring this lawsuit on behalf of himself and others similarly situated. (Plf. Amended Compl., Docket No. 12, Paragraph 20).

The Plaintiff does not allege that he, or any member of the putative class, ever received a receipt which displayed any portion of his credit or debit card number. However, he nonetheless seeks to bring this action on behalf of a class made up of "all persons to whom Piknick Kafe, Inc., d/b/a Horizon Cafe provided an electronically

printed receipt at the point of sale or transaction, which receipt was issued on or after a date two years prior to the filing of this action and displays either (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card." (Plf. Mot. Class Cert., Docket No. 7, Page 1). Even by his allegations, Plaintiff's receipt contained only the expiration date and no portion of his credit card number.

Furthermore, where the Plaintiff in this case has failed to present any *evidence* supporting his allegations, many of which are made "upon information and belief," including those meant to satisfy the "numerosity" requirement described below, his Motion for Class Certification is, at best, premature.

At the outset, the Plaintiff cites to a number of other cases in this District, and one in the 7th Circuit, which he contends compel the conclusion that the proposed class in this case must be certified. (Plaintiffs' Memorandum at 1-2). However, a closer reading of these decisions shows that they are not binding on the issue before this court.

First, *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006), involved a class action brought pursuant to the Fair Credit Reporting Act ("FCRA") alleging that a potential creditor accessed plaintiff's credit history without her consent. It has no bearing on the credit card receipt fact pattern involved here, which, as explained below, compels its own unique analysis regarding the typicality and predominance requirements for certification. Furthermore, in that case, discovery had proceeded and evidence had been presented prior to the Court's ruling on certification. *See Murray*, 434 F.3d. at 951 (referring to a specific number of purported class members).

2

Next, the plaintiff cites to numerous Northern District cases in which classes were certified and which he alleges have "similar fact patterns." However, ignoring the fact that they are not controlling precedent in this case, none of these cases involved allegations violations of FACTA and they are likewise inapplicable. *See Cavin v. Home Loan Center, Inc.*, 236 F.R.D. 387, 391 (N.D.Ill. 2006) (certification of a class of persons with Illinois addresses to whom company sent or caused to be sent credit offers and who did not obtain credit in response thereto); *Claffey v. River Oaks Hyundai, Inc.*, 238 F.R.D. 464 (N.D.Ill. 2006) (allegations of violations of the Fair Credit Reporting Act based on access of credit report without consent); and *Murray v. New Cingular Wireless Services, Inc.*, 232 F.R.D. 295 (N.D.Ill. 2005). (Recipient of mass-mailed promotion from wireless communications provider brought putative class action against provider).[1]

For the reasons that follow, class certification is not appropriate in this case.

## ARGUMENT

The party seeking to maintain a class action has the burden of establishing each of the prerequisites for a class action. *Oshana v. Coco-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006), cert. denied, --- U.S. ---, 127 S.Ct. 2952 (2007).

> **The Supreme Court has made clear that a class "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied," and "actual, not presumed, conformance with Rule 23(a) remains \*\*\*indispensable".** *Davis v. Hutchins,* 321 F.3d 641, 649 (7th Cir. 2003); citing *General*

---

[1] The Defendant recognizes that the Plaintiff cites an additional case, *Murray v. E\*Trade Financial Corp*, but the citation given in his Memorandum is inaccurate, and this Defendant could not locate the purported decision by other means. It is therefore not addressed in this argument.

3

*Telephone Company of Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364 (1982).

A plaintiff seeking to certify a class must meet all four requirements of Rule 23(a), and one of the requirements of Rule 23(b). *Payton v. County of Kane*, 308 F.3d 673, 680 (7th Cir. 2002). If a court is not satisfied that the requirements of Rule 23 have been met, it should refuse certification. *See* the Committee Note to the 2003 amendment to Rule 23(c)(1).

## **RULE 23(A)**

Federal Rule of Civil Procedure 23(a) states that:

**One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defense of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class.** Fed.R.Civ.P. 23(a).

Failure to meet any of the Rule 23(a) requirements precludes class certification. *Oshana v. Coco-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).

In their motion, Plaintiffs define the class they seek to certify as:

**All persons to whom Piknick Kafe, Inc., d/b/a Horizon Cafe provided an electronically printed receipt at the point of sale or transaction, which receipt was issued on or after a date two years prior to the filing of this action and displays either (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card.** (Plf. Mot. Class Cert., Docket No. 7, Page 1).

In his memorandum, after analyzing the class certification standard, the Plaintiff cites to numerous cases from other districts in which cases involving FCRA violations, but admittedly, not FACTA violations, were certified. (Plaintiffs' Memorandum at 3-4). Where cases alleging FACTA violations involve their own unique analysis, these out of

state decisions hold little weight. Furthermore, numerous courts in other districts have routinely denied class certification in FACTA lawsuits. *See Spikings v. Cost Plus, Inc.*, 2007 U.S. Dist. LEXIS 44214 (C.D. Cal. May 25, 2007 Order); and *Soualian v. Int'l Coffee and Tea, LLC*, No. CV 07-502, 2007 U.S. Dist. LEXIS 44208 (C.D. Cal. June 11, 2007 Order).

In any case, an analysis of each factor demonstrates that the Plaintiff's motion should be denied or, at the very least, is premature.

**Numerosity**

With respect to numerosity, the Defendant submits that the Plaintiff has not met his burden of proving this element, where he has presented no evidence tending to show the number of customers to whom the Defendant may have printed receipts in violation of FACTA. "The decision to certify a class calls for findings by the court, not merely a 'threshold showing' by a party, that each requirement of Rule 23 is met." *In re Hydrogen Peroxide Antitrust Litig.* 552 F.3d 305, 307 (3rd Cir. 2008). "Factual determinations supporting Rule 23 findings must be made by a preponderance of the evidence." *Id.* (emphasis added); see also *Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*, 487 F.3d 261, 268 (5th Cir. 2007) ("[t]he plain text of Rule 23 requires the court to 'find,' not merely assume, the facts favoring class certification") (emphasis added).

The Plaintiff's Complaint points to one receipt only and sais receipt allegedly displayed only an expiration date, not any portion of a credit or debit card number. The Plaintiff has not presented any evidence obtained by admission or through discovery with respect to the number of potential class members and, instead, refers only to allegations

made "upon information and belief." Accordingly, there is no basis from which this Court can *find*, by a preponderance of the evidence, that the class is so numerous that joinder of all members is impracticable.

**Commonality**

The second requirement of Rule 23(a) compels this Court to find whether common questions of law and fact exist. The commonality requirement is usually met when there is a common nucleus between the named plaintiff and the other class members. *Troy v. Red Lantern Inn, Inc.*, 2007 WL 4293014 at 2 (N.D.Ill. 2007). Plaintiff alleges that there are questions of law and fact common to the class that predominate over those which may affect individual members. According to Plaintiff, these questions consist of: whether Defendant violated FACTA and whether Defendant's conduct was willful. (Plaintiff's Memorandum at 7).

The Plaintiff maintains that "the alleged alleged failure to comply with FACTA is the same for each person who received a noncompliant receipt; thus, each Class member has the same claim." (Plaintiff's Memorandum at 7). However, as the Plaintiffs second question appears to acknowledge, the Defendant's mental state, and, accordingly, the recoverability of any damages, may not necessarily have been the same during each transaction, assuming more than one such transaction even took place. If Defendant became aware of FACTA some time after June 3, 2008, but before it brought its system into compliance (and the Defendant vehemently maintains that such awareness did not occur), the Defendants' mental state, the key element in the case, would have been different for certain transactions. Further, some class members may attempt to recover actual damages.

Next, even the Plaintiff himself has alleged that he only received a receipt which displayed the expiration date of his card. Indeed, the Plaintiff has not alleged, much less presented any evidence tending to show, that the Defendant ever printed out a receipt with any portion of any individuals credit or debit card number listed thereon. The Supreme Court has disapproved such an "across the board" class action, that is, a class action in which the class representative has suffered a different kind of injury from other members of the class. *Culver v. City of Milwaukee*, 277 F.3d 908, 911 (7th Cir. 2002); Falcon, 457 U.S. 147 at 157-59.

Thus, where the Defendant's violation with respect to the Plaintiffs may be distinct from that of any other proposed class members, there is no common nucleus of fact or law.

**Typicality**

The third Rule 23(a) requirement is that the claims or defenses of the representative parties are typical of the claims or defenses of the class. A plaintiff's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claim of other class members and *** her claims are based on the same legal theory". *Oshana*, 472 F.3d at 514.

The Plaintiff has done nothing more than recite the typicality requirement without any facts to support an allegation that their claims are typical of the proposed class claims. (See plaintiff's Memorandum at 7.) There is nothing in Rule 23 to suggest that a court must accept allof a complaint's allegation as true. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676-77 (7th Cir. 2001). Rather, the court should look beyond the complaint to conduct the necessary Rule 23 inquiries. *Id.* at 677. In fact, as explained in

7

detail above, the Plaintiffs' claims may not be typical of the proposed class members where the Defendant's mental state, and thus, the viability of the claims, may be different for different class members. Plaintiff has done nothing more than recite the typicality requirement without any facts to support an allegation that her claims are typical of the proposed class claims. Further, as explained in detail above, the Plaintiff's claims are not typical of the proposed class members where he alleges only the printing of the expiration date of his card, not any digits of his credit or debit card numbers. Accordingly, this Court should not find, by a preponderance of the evidence, that the Plaintiff's claims are typical of those of the proposed class.

**Fair and Adequate Representation**

The fourth requirement of Rule 23(a) is that the representative parties will fairly and adequately protect the interests of the class. Plaintiff must demonstrate three factors to prove adequacy: (1) the representative does not have conflicting or antagonistic interest compared with the class as a whole; (2) the representative is sufficiently interested in the case outcome to insure vigorous advocacy; and (3) class counsel is experienced, competent, qualified and able to conduct the litigation vigorously. *Troy*, 2007 WL 4293014 at *2.

While the Defendant concedes that class counsel is experienced, competent, qualified and able to conduct the litigation vigorously, with respect to the remaining factors, once again, Plaintiff has merely recited the governing language of Rule 23(a) and a court need not accept such bare allegations as true. *Szabo*, 249 F.3d at 676-77. Unless this requirement is met, the court should refuse certification. *See* the Committee Note to the 2003 amendment to Rule 23(c)(1).

Further, the class he seek to represent may, in theory, include individuals that have actual damages as opposed to the statutory damages Plaintiff seeks to obtain (though the Defendant disputes that notion). This is beyond the scope of any claim alleged by Plaintiff, and it would be impossible for him to adequately represent such interests when she does not have them herself. Wright, supra, §1760 at n. 12. Additionally, as Rule 23 itself tries to minimize the potential abuses of a class action by insisting that the class be reasonably homogenous and "by insisting that the class representative be shown to be an adequate representative of the class" (*Culver*, 277 F.3d at 910), Plaintiff is not a proper representative of the proposed class.

Plaintiff has thus failed to satisfy each of the 23(a) class action certification requirements. The failure to prove even one is fatal to a class certification and Plaintiff's motion to certify should be denied. *Oshana*, 472 F.3d at 513.

## RULE 23(B)

Plaintiff seeks certification of the proposed class pursuant to Rule 23(b)(3), which is applicable to "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). Plaintiff fails to satisfy the requirements announced by Rule 23(b).

First, as Plaintiff has failed to meet Rule 23(a)'s commonality requirement, he certainly fails to satisfy the predominance criteria announced by Rule 23(b)(3) as it is far more demanding. *Cicilline*, 542 F.Supp.2d at 838; *Amchem Products, Inc. v. Windsor*, 521 U.S> 591, 623-24, 117 S.Ct. 2231 (1997).

9

To satisfy the predominance aspect of Rule 23(b)(3),

> **[P]laintiff must show that common issues not only exist, but outweigh the individual questions. The common questions must be central to *all* claims.** (Emphasis added). *Troy,* 2007 WL 4293014 at 3.

As explained above, the viability of each claim, the Defendants' mental state, and the presence of actual damages could vary with each class member. Further, Plaintiff seeks to represent a group that is far broader (those individuals who may have received a receipt containing more than the last five digits of their credit card number on it) than that of which she is a member. Clearly, this is not an issue common to <u>all</u> claims.

As to the issue of superiority, Plaintiff's allegations also rely on the numerosity of the claims. (See Memorandum at 9-10). As explained above, such allegations are grossly premature where only two known violative receipts exist. Further, the aggregate statutory damages sought by the class could be disproportionate to the harm suffered by the class. *See, e.g., Kline v. Coldwell, Banker & Co.,* 508 F.2d 226 (9th Cir 1974).

As the Rule 23(b) requirement is not satisfied this court should refuse certification. *See* the Committee Note to the 2003 amendment to Rule 23(c)(1).

WHEREFORE Defendant, PIKNICK KAFE, INC. d/b/a HORIZON CAFÉ, requests that this court deny Plaintiffs' motion for a class certification.

                              Respectfully submitted,

                              PURCELL & WARDROPE, CHTD.

By:    /s/ Mark J. Mickiewicz
         Mark J. Mickiewicz
         Attorney for Defendant

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
Tel: (312) 427-3900
Fax: (312) 427-3944
E-mail: mjm@pw-law.com