**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS M. MARTIN, | ) | |
| individually and on behalf of a class, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Lindberg |
| | ) | |
| v. | ) | 10cv5142 |
| | ) | |
| PIKNICK KAFE, INC., | ) | |
| d/b/a HORIZON CAFE | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF CLASS CERTIFICATION**

Plaintiff Nicholas M. Martin replies as follows in support of his Motion for Class Certification.

**I.    FACTA CASES ARE APPROPRIATE FOR CLASS CERTIFICATION**

The Northern District of Illinois has granted class certification in numerous Fair and Accurate Credit Transactions Act ("FACTA") cases. *Cicilline v. Jewel Food Stores,Inc.* 542 F. Supp. 2d 831 (N.D. Ill. 2008); *Halperin v. Interpark, Inc.*, 2007 U.S. Dist. LEXIS 87851 (N.D. Ill. Nov. 9, 2007); *Harris v. Best Buy Co., Inc.*,254 F.R.D. 82 (N.D. Ill. 2008); *Harris v. Circuit City Stores, Inc.*, No. 07 C 2512, 2008 U.S. Dist. LEXIS 12596 (N.D. Ill. Feb. 7, 2008); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D. Ill. 2008); *Meehan v. Buffalo Wild Wings Inc.*, 249 F.R.D. 284 (N.D. Ill. 2008); *Redmon v. Uncle Julio's of Illinois, Inc.*, 249 F.R.D. 290 (N.D. Ill. 2008); *Troy v. Red Lantern Inn, Inc.,* 2007 U.S. Dist. LEXIS 89004 (N.D. Ill Dec. 4, 2007). Thus, it is clear that Defendant's argument that FACTA cases are not appropriate for class certification is entirely without merit.

1

Further, if Congress meant to forbid a class action under the Fair Credit Reporting Act ("FCRA") in general or FACTA in particular, it would have done so either in the original legislation or in the recent amendment to FACTA. On June 3, 2008, H.R. 4008, now Public Law No. 110-241, was signed into law and amended FACTA to declare that any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and the June 3, 2008, but otherwise complied with FCRA requirements for such receipt, shall not be in willful noncompliance by reason of printing such expiration date on it.

The effect of the amendment is that class actions under FACTA are not precluded, because Congress had the perfect opportunity to bar them and chose not to do so. "In the absence of a direct expression by Congress of its intent to depart from the usual course of trying 'all suits of a civil nature' under the Rules established for that purpose, class relief is appropriate in civil actions brought in federal court." *Califano v. Yamasaki*, 442 U.S. 682, 700 (1979) (class actions may be brought to secure judicial review under the Social Security Act where similar issues are presented by numerous applications); accord, *In re American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988) (relying on *Yamasaki* to hold that class proofs of claim may be filed in bankruptcy proceedings). "Having provided for a private right of action and having decided the appropriate penalty, Congress did not preclude the use of class actions to obtain redress for violations." *ESI Ergonomic Solutions v. United Artists Theatre*, 203 Ariz. 94, 50 P.3d 844, 850 (2002); *Kaufman v. ACS Systems, Inc.*, 110 Cal.App.4th 886, 2 Cal.Rptr. 3d 296, 328 (2003).

Defendant states that "FACTA violations involve their own unique analysis" and thus other "out of state" FCRA cases that are not FACTA cases cited by Plaintiff in his motion for class certification "hold little weight."[1] Def. Resp. pp. 4-5. It states that *Murray v. GMAC Mortgage Corporation*, 434 F.3d 948 (7th Cir. 2006) is inapplicable to class certification in this case because it was not a FACTA case, and FACTA cases compel their own analysis of the facts at hand. Def. Resp. P. 2. This is absurd. *Murray* involved the FCRA. FACTA is part of the FCRA.

*Murray* states that "when a few class members' injuries prove to be substantial, they may opt out and litigate independently. Only when all or most of the claims are likely to be large enough to justify individual litigation is it wise to reject class treatment altogether." *Murray v. GMAC Mortgage Corporation*, 434 F.3d at 953 (internal citation omitted). Where actual damages are speculative, small, or unlikely, *Murray* holds that potential actual damages are not a justification for denying class certification. *Id*. Nowhere in the opinion did the Court see fit to state that it was limiting its holdings to a specific sub-set of class cases. *Murray*'s holding applies to class certification generally.

*Murray* has been applied to numerous FACTA cases. *See Cicilline v. Jewel Food Stores,Inc*. 542 F. Supp. 2d 831 (N.D. Ill. 2008); *Halperin v. Interpark, Inc.*, 2007 U.S. Dist. LEXIS 87851 (N.D. Ill. Nov. 9, 2007); *Harris v. Best Buy Co., Inc.*,254 F.R.D. 82 (N.D. Ill. 2008); *Harris v. Circuit City Stores, Inc.*, No. 07 C 2512, 2008 U.S. Dist. LEXIS 12596 (N.D.

---

[1] Defendant stated that one of the cases *Murray v. E*Trade Financial Corp.*, 240 F.R.D. 392 (N.D. Ill. 2006) was cited incorrectly in Plaintiff's memorandum in support his motion for class certification. This is not true. The above citation, which is the correct citation, is the citation from page 2 of Plaintiff's memorandum.

3

Ill. Feb. 7, 2008); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D. Ill. 2008); *Meehan v. Buffalo Wild Wings Inc.*, 249 F.R.D. 284 (N.D. Ill. 2008); *Redmon v. Uncle Julio's of Illinois, Inc.*, 249 F.R.D. 290 (N.D. Ill. 2008); *Troy v. Red Lantern Inn, Inc.,* 2007 U.S. Dist. LEXIS 89004 (N.D. Ill Dec. 4, 2007). Further, Defendant has cited no case, Seventh Circuit or otherwise, stating that FACTA cases require a different class certification analysis.

Defendant then asserts that "numerous courts in other districts have routinely denied class certification in FACTA lawsuits." Def.'s Resp. p. 5. To support this assertion, the defendant cites only two cases, both from the Central District of California. *Spikings v. Cost Plus, Inc.*, No. CV 06-8125-JFW, 2007 U.S. Dist. LEXIS 44214 (C.D. Cal. May 25, 2007)*; Soualian v. Int'l Coffee and Tea, LLC*, No. CV 07-502, 2007 U.S. Dist. LEXIS 44208 (C.D. Cal. June 11, 2007). Two district court opinions hardly qualifies as "numerous courts." The Central District of California does not count as "other jurisdictions," as it is a single district. More importantly, both of these cases were decided before and are inconsistent with the Ninth Circuit's recent decision in *Bateman v. American Multi-Cinema, Inc.*, No. 09-55108, 2010 U.S. App. LEXIS 19934 (9th Cir. Sep. 27, 2010). In *Bateman*, the Ninth Circuit adopted the analysis of *Murray v. GMAC Mortgage Corporation*. The Ninth Circuit stated that "although [*Murray v. GMAC Mortgage Corporation*] did not involve an alleged violation of FACTA, the Seventh Circuit's analysis and conclusion are instructive because FACTA and other provisions of the FCRA share the same statutory damages provision." *Id*. at \*15. Further, the Court specifically found that "Congress intended class relief to be available" in FACTA cases. *Id*. at \*23. Thus, the two cases Defendant cites for its proposition that FACTA cases are not proper for class

certification are clearly no longer good law in the district from which they came and are inappropriately cited.

## II. PLAINTIFF HAS SATISFIED ALL RULE 23 REQUIREMENTS

### A. Numerosity

To establish numerosity, the Plaintiff is not required to prove the exact number of Class members, and numerosity can be established from good faith estimates. *Butler v. Illinois Bell Tel. Co.*, No. 06 C 5400, 2008 U.S. Dist. LEXIS 11901, (N.D. Ill. Feb. 14, 2008); *Fletcher v. ZLB Behring LLC*, 245 F.R.D. 328, 335 (N.D. Ill. 2006); *Bowe Bell + Howell Co. v. Immco Employees' Ass'n*, No. 03 C 8010, 2005 U.S. Dist. LEXIS 9502 (N.D. Ill. May 11, 2005); *Lucas v. GC Serv. L.P.*, 226 F.R.D. 337, 340 (N.D. Ind. 2005). The estimates may be based upon common sense inferences and assumptions. *Fletcher*, 245 F.R.D. at 335 (N.D. Ill. 2006); *Bowe Bell + Howell Co.*, 2005 U.S. Dist. LEXIS 9502 at *3 (N.D. Ill. May 11, 2005)*; Sadowski v. Med1 Online LLC*, No. 07 2973, 2008 U.S. Dist. LEXIS 41766 (N.D. Ill. May 27, 2008); *Herkert v. MRC Receivables Corp.*, 254 F.R.D. 344 (N.D. Ill. 2008). "Reliance upon such inferences is particularly appropriate when the information about the exact numbers is within the defendant's control." *Lewis v. Gross*, 663 F. Supp. 1164, 1169 (E.D. N.Y. 1986)(internal citation omitted). Contrary to Defendant's assertions, Plaintiff does not need to have "presented any evidence obtained by admission or through discovery with respect to the number of potential class members."[2] Def.'s Resp. P. 5. "Plaintiff's lack of knowledge as to the exact number of

---

[2] Plaintiff served Defendant with Plaintiff's first discovery requests, and Defendant's responses thereto are due on October 25, 2010. Plaintiff's could not delay in filing his motion for class certification - although Plaintiff did request in the motion a briefing schedule long enough to allow him to conduct discovery on class matters - for fear that the class claims would be mooted by an offer of judgment. *White v. Humana Health Plan, Inc.*, No. 06 C 5546, 2007

affected persons is not a bar to maintaining a class action, when defendants have the means to identify those persons at will." *Ventura v. New York City Health & Hospitals, Corp.*, 125 F.R.D. 595, 599 (S.D. N.Y. 1989)(internal citation omitted).

The non-compliant receipt given to Plaintiff was obviously computer-generated, not hand-written. Defendant does not dispute this. Defendant operates a restaurant in Illinois that serves walk-in customers and caters private events. Defendant's establishment has 91 seats and advertises that it can accommodate parties of up to 35 people. www.horizoncafechgo.com/factsheet.html. <u>Appendix A</u> It also offers catering, and requires "a 50% non refundable deposit . . . at the time of ordering" and accepts Visa and MasterCard. www.horizoncafechgo.com/catering.html. <u>Appendix B</u> Based upon these facts, and the fact that it has been years since the applicable provision to FACTA was enacted, it is completely implausible that defendant would have generated less than 40 violative receipts during the class period. Defendant, not Plaintiff, is the one in the better position to identify how many violative receipts Defendant distributed, and it has not provided the actual number. Thus, Plaintiff has established numerosity.

    **B.**    **Commonality**

The Defendant makes several frivolous arguments to assert that Plaintiff has not established commonality. First, Defendant states that "if Defendant became aware of FACTA some time after June 3, 2008, but before it brought its system into compliance (and the Defendant vehemently maintains that such awareness did not occur), the Defendant's mental

---

U.S. Dist. LEXIS 32263, *16-18 (N.D. Ill. May 2, 2007), *citing Greisz v. Household Bank (Illinois)*, 176 F.3d 1012, 1015 (7th Cir. 1999).

state, the key element in the case, would have been different for certain transactions" and thus commonality would be defeated. Def.'s Resp. P. 6. This argument defies logic.

Defendant is not actually asserting that Defendant's knowledge varied during the class period. In fact, it is "vehemently" maintaining the opposite. Nonetheless, on some hypothetical possibility that neither Plaintiff nor Defendant have any reason to believe is true, Defendant argues that commonality is defeated.

The Seventh Circuit explicitly requires that a district court make the necessary factual and legal inquiries to determine class certification. *Szabo v. Bridgeport Machs., Inc.*, 249 F3d 672, 676 (7th Cir. 2001). Hypothetical issues are not enough. Moreover, even if Defendant's actions were only willful for part of the alleged class period, that is not an individual issue. It is a class issue - what are the proper boundaries of the purported class - and it should be addressed uniformly on a class basis. The solution would be to modify the class period.

Furthermore, whether or not Defendant's actions were willful is a merits question. Such questions are not appropriately considered by the Court in determining whether or not to grant a motion for class certification. *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831, 835 (N.D. Ill. 2008)("the Court does not delve into the merits of the ultimate issues in the case, which do not affect the question of class certification under *Rule 23*. Accordingly, this Court does not consider the parties' arguments as to whether [Defendant's] alleged violation of FACTA was willful); *Shurland v. Bacci Café and Pizzeria on Ogden, Inc.*, 259 F.R.D. 151, 157 (N.D. Ill. 2009); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210, 214 (N.D. Ill. 2008); *Lau v. Arrow Fin. Servs., LLC*, 245 F.R.D. 620, 623 (N.D. Ill. 2007); *Levie v. Sears Roebuck & Co.*,

7

496 F. Supp. 2d 944, 946-47 (N.D. Ill. 2007); *Hyderi v. Washington Mutual Bank, F.A.*, 235 F.R.D. 390, 395 (N.D. Ill. 2006); *Cavin v. Home Loan Center, Inc.*, 236 F.R.D. 387, 395 (N.D. Ill. 2006).

Defendant's next futile attempt to argue that commonality has not been established is to state that "some class members may attempt to recover actual damages" and that this means that there is no commonality of claims. Def.'s Resp. P. 6. This argument has been repeatedly and consistently rejected in this jurisdiction. *Murray v. GMAC Mortgage Corporation*, 434 F.3d at 952-53 (7th Cir. 2006); *Matthews v. United Retail, Inc.*, 248 F.R.D. at 215 (N.D. Ill. 2008); *Cicilline v. Jewel Food Stores,Inc*. 542 F. Supp. 2d at 838 (N.D. Ill. 2008). It is likely that actual damages claims are unusual. Class members with individual claims for actual damages always have the option to opt out of the class and to file their own individual action to recover actual damages. *Murray v. GMAC Mortgage Corporation*, 434 F.3d at 953 (7th Cir. 2006); *Matthews v. United Retail, Inc.*, 248 F.R.D. at 215 (N.D. Ill. 2008); *Cicilline v. Jewel Food Stores,Inc*. 542 F. Supp. 2d at 838 (N.D. Ill. 2008).

Defendant finally argues that because Plaintiff alleged only that he received a receipt that displayed the expiration date of his card and did not allege that any portion of his card number was printed thereon, that he cannot have common claims with class members who would have suffered the violation of having more than the last five digits of their credit card or debit card number printed on their receipt. Def.'s Resp. P. 7. Defendant states that "the Supreme Court has disapproved such an 'across the board' class action, that is, a class action in which the class representative has suffered a different kind of injury from other members of the

8

class. *Culver v, City of Milwaukee*, 277 F.3d 908, 911 (7th Cir. 2002); *Falcon*, 457 U.S. 147 at 157-59." Both *Culver* and *Falcon* are inapposite to the current case.

*Culver* was an employment discrimination case where the putative class included those who - like the named plaintiff - requested applications for employment but never received them but also included people who - unlike the named plaintiff- had succeeded in applying but "had not been hired because the department had changed the scores on entrance exams to favor women and members of minority groups." *Culver*, 227 F.3d at 910. In that case, two classes were necessary because of the extreme differences in the elements of proof required by the two different groups of potential class members.

> Would-be Milwaukee police officers who never received a job-application form to fill out... are more difficult to identify than [those who received and completed the form and took the entrance test but were not hired because the test was scored in a discriminatory fashion], since the City has no record of persons who request but are not sent application forms. Also unlike members of the second set, members of the first, to have any sort of claim for which relief could be granted, would have to prove that they had the minimum qualifications to be hired. But - - and this is still a third difference - - the members of the first set, unlike the members of the second, would not have to prove that the entrance exams were scored in a discriminatory fashion, because their complaint is that they were not even considered for employment.

*Id.* at 911. *Falcon* was also an employment discrimination case, and was based upon racial discrimination. Such cases require fact specific determinations such as "(1) that this discriminatory treatment is typical of petitioner's promotion practices, (2) that petitioner's promotions practices are motivated by a policy of ethnic discrimination that pervades [defendant's] division, or (3) that this policy of ethnic discrimination is reflected in [defendant's]

9

other employment practices, such as hiring, in the same way it is manifested in the promotion practices." *Falcon*, 457 U.S. at 158.

In this case, no such intense, individual inquiries are necessary. The violation for those who received receipts that listed more than 5 digits of the credit or debit card number and those who received receipts that listed the expiration date are both apparent from the face of the document. Further, Section 1681c(g) is "not ambiguous." It "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." *Pirian v. In-N-Out Burgers*, 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D.Cal. Apr. 5, 2007); accord, *Iosello v. Leiblys, Inc.*, 502 F.Supp.2d 782 (N.D.Ill. 2007); *Follman v. Hospitality Plus of Carpentersville, Inc.*, 07 C 2934, 2007 U.S. Dist. LEXIS 77440 (N.D.Ill., Oct. 17, 2007); *Follman v. Village Squire, Inc.*, 07 C 3767, 2007 U.S. Dist. LEXIS 92585 (N.D.Ill., Dec. 18, 2007); *Korman v. Walking Co.*, 503 F. Supp. 2d 755 (E.D.Pa. 2007); *Ramirez v. MGM Mirage, Inc.*, 2:07-CV-00326-PMP-PAL, 2007 U.S. Dist. LEXIS 95254 (D.Nev. December 3, 2007). The purpose behind both requirements is identical: to prevent identity theft and exposure of sensitive personal information. *Bateman v. American Multi-Cinema, Inc.*, No. 09-55108, 2010 U.S. App. LEXIS 19934, *21-22 (9th Cir. Sep. 27, 2010). Here, regardless of whether it is the expiration date or the card number that appeared on the class member's receipt, the violation still arises from a common nucleus of operative fact: receiving a receipt that printed information in violation of 15 U.S.C. Section 1681c(g). Thus, commonality is present.

    **C.**     **Typicality**

Defendant argues that Plaintiff has not established typicality for the same reasons that it argued Plaintiff had not established commonality: that Defendant's mental state may have varied among the transactions and that Plaintiff's claims are not the same as all class members because plaintiff received only a receipt that listed his expiration date, not one that listed more than five digits of his card number. Plaintiff addressed these arguments thoroughly above, and so there is no need to repeat them here.

### D.     Fair and Adequate Representation.

Defendant argues that Plaintiff has not established that he does not have conflicting or antagonistic interests with the class or that he is sufficiently interested in the case outcome to insure vigorous advocacy. Def.'s Resp. P. 8. This simply is not true. Plaintiff stated in his motion for class certification that he understands the obligations of a class representative and has retained counsel experienced in litigating consumer class actions. Further, his interests are the same as those of the class members: to be monetarily compensated for Defendant's FACTA violation. Defendant also rehashes his argument regarding the fact that class members may have actual damages and thus Plaintiff's interests may be antagonistic to that of those class members. This argument was addressed thoroughly above, with the main point being that any potential class members who suffered actual damages may opt out of the class and pursue their own individual actions. *Murray v. GMAC Mortgage Corporation*, 434 F.3d at 953 (7th Cir. 2006); *Matthews v. United Retail, Inc.*, 248 F.R.D. at 215 (N.D. Ill. 2008); *Cicilline v. Jewel Food Stores,Inc.* 542 F. Supp. 2d at 838 (N.D. Ill. 2008).

### E.     Predominance and Superiority

11

Defendant's arguments regarding predominance are simply a restatement of its commonality and typicality arguments, addressed above. Regarding superiority, Defendant's argue that a class action is not superior because numerosity has not been established. Def.'s Resp. P. 10. However, as stated above, Plaintiff has clearly established numerosity. The Plaintiff is not required to prove the exact number of Class members, and numerosity can be established from good faith estimates. Contrary to Defendant's assertions, Plaintiff does not need to have "presented any evidence obtained by admission or through discovery with respect to the number of potential class members." Def.'s Resp. P. 5.

Defendant's other argument that a class action is not a superior vehicle for bringing these claims is that "the aggregate statutory damages sought by the class could be disproportionate to the harm suffered by the class. *See e.g. Kline v. Coldwell, Banker & Co.*, 508 F.2d 226 (9th Cir. 1974). First of all, that is not the law in the Seventh Circuit. *Murray* addressed the district court's use of a disparity between potentially large statutory damages and a relatively small harm to the class members as grounds for denying class certification, and disagreed with its conclusion. 434 F.3d at 953. *Murray* found the district court's reasoning that "If [the plaintiff] and class members were to prevail at trial, [the defendant] would face a potential liability in the billions of dollars for purely technical violations of the FCRA" was mistaken given the purpose of both Rule 23 and the FCRA. *Id.* (quoting Murray v. GMAC Mtge. Corp, 2005 U.S. Dist LEXIS 27254 at *9 (N.D. Ill. 2005). It flatly rejected any argument against class certification that is based on a resulting large aggregation of statutory damages, calling it "an inappropriate use of procedural devices to undermine" the law as written. *Murray*,

434 F.3d at 954. "While a statute remains on the books, however, it must be enforced rather than subverted." *Id.*

This is the problem that is inherent in Defendant's position: if class certification were to be denied in this case, then the only way for those who have been affected by Defendant's alleged violation of the FCRA to seek justice is to file individual suits. The time and expense that would be involved in filing even a fraction of these cases—all of which have the same fact pattern, and concern the same legal principles—would be wasteful. Rule 23(b)(3), as the court expressly held in *Murray*, was designed to solve this problem; taking care of the identical claims of thousands of people at once through a class action is superior to having thousands of identical individual claims being tried piecemeal. *Murray*, 434 F.3d at 953.

Secondly, even if it were proper to ignore *Murray*, courts concerned with the potential size of the judgment have developed a post-certification approach. In cases such as *Parker v. Time Warner Entertainment, Inc.*, 331 F.3d 13 (2d Cir. 2003), the courts maintain the class action and, if necessary, reduce the damages so that each class member would get less than the statutory minimum provided by 15 U.S.C. § 1681n. See e.g. *Pichler v. UNITE*, 228 F.R.D. 230, 258-259 (E.D.Pa. 2005) (citing *Parker*, rejecting argument that size of damages precludes certification); *Rawson v. C.P. Partners, LLC*, Case No. 03 CH 14510 (Cook Co. Cir. Ct. Sept. 30, 2005) (similar, citing *Parker*); *Braxton v. Farmers Ins. Group*, 209 F.R.D. 654, 663 (N.D.Ala. 2002) (quoting *Roper v. Consurve, Inc.*, 578 F.2d 1106, 1114 (5th Cir. 1978)) (damages in FCRA cases are based upon merits of case and therefore do not go to superiority of class action); *ESI Ergonomic Solutions, LLC v. UA Theatre Circuit, Inc.,* 203 Ariz. (App.) 94, 99-100; 50 P.3d 844, 849-850 (2002) (TCPA case; declining to follow Ratner and holding that

class action favored where class members may be ignorant of claims or where costs of litigating individually are prohibitive).

Additionally, the case Defendant cites for its proposition that disproportionality between statutory damages and the harm suffered defeats superiority, is a Ninth Circuit case from 1974, which pre-dates *Bateman v. American Multi-Cinema, Inc.*, No. 09-55108, 2010 U.S. App. LEXIS 19934 (9th Cir. Sep. 27, 2010). In *Bateman*, the Ninth Circuit adopted the analysis of *Murray v. GMAC Mortgage Corporation*, rejecting disproportionately between statutory damages and actual harm as a reason for denying class certification. *Id*. Thus, the only case Defendant cites to support its position is no longer good law.

### III.. CONCLUSION

The proposed class meets the requirements of Rules 23(a) and 23(b)(3). Plaintiff respectfully requests that this Court certify a class as set forth above.

Respectfully submitted,

s/Catherine A. Ceko
Catherine A. Ceko


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## **CERTIFICATE OF SERVICE**

      I, Catherine A. Ceko, hereby certify that on October 20, 2010, the foregoing document was filed electronically. A copy of the foregoing document was served via the court's electronic filing system on the following parties:

Mark J. Mickiewicz
mjm@pw-law.com

Michael D. Sanders
mds@pw-law.com

Thomas B. Underwood
tbu@pw-law.com

                                            s/ Catherine A. Ceko
                                            Catherine A. Ceko